## MIXON v. BRECHTEL. *

### No. 16468.

Court of Appeal of Louisiana. Orleans.

Nov. 16, 1936.

*Rehearing granted Jan. 11, 1937.

Jewell A. Sperling and Porteous, Johnson & Humphrey, all of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, a young woman twenty-four years of age, sustained two burns, one on each side of her head, while she was having permanent curls set in her hair in the establishment of defendant. The burns were caused by the application, through a device which prepares the hair for the treatment, of more heat than the scalp and temples could resist. Plaintiff alleges that the burns were caused "either through a defect in the machine, or the inexperience of the operator of the said machine," and she prays for judgment for $3,550, of which $50 is said to represent the cost of medical attention, $1,000 pain and suffering, $1,000 future pain, and $1,500 permanent disfigurement, resulting from the scar on the right side of her head just in front of the upper portion of the ear and just below the line of the hair.

Defendant, conceding that plaintiff received burns, the extent and seriousness of which are denied, maintains that the machine in question was new and in perfect condition and was properly and carefully operated by an experienced and competent employee, who, at the beginning of the treatment, had warned plaintiff that she must advise the said operator if the heat became too great, so that a cooling device known as a "blower" might be availed of to reduce the heat, but that plaintiff, believing that the curls would be more permanent if greater heat were applied, failed to warn the operator.

While the record does not fully show it, we are advised by counsel that a judgment for $1,550 was rendered, but that, on application for rehearing, the amount of the award was reduced to $1,000 and, from a judgment for that amount, defendant has appealed.

The matter presents now only one question and that one of fact: Whether plaintiff's burns resulted from her own failure to warn the operator that too much heat was being applied, or from the fact that the operator, when she was told by plaintiff that she was being burned, advised her to let the device remain on a little while longer, as plaintiff says that she did.

The judge of the district court states in his reasons for judgment that the witnesses for defendant contradicted one another in certain particulars, and that therefore he was of the opinion that the evidence given by them could not be believed in the face of the contradictory evidence given by plaintiff and particularly in view of the fact that it would be most unnatural for a person receiving severe burns to fail to advise such an operator thereof.

We have carefully read the record and do not find the inconsistencies or discrepancies in the evidence of defendant to which our brother of the district court points. We agree with him that it would be most unusual for a person to submit to such pain or discomfort, but the evidence shows that the plaintiff stated that, although she felt that there was too much heat applied, she voluntarily submitted to it in the belief that the curls that she was having set in her hair would be more permanent as the result of the excessive heat.

Supporting defendant's contention that plaintiff was warned that she must notify the operator when she felt that the heat was excessive, we find three witnesses, whereas in support of plaintiff's statement there is no other testimony than her own, and, by the same preponderance, it is shown that she gave no indication of the fact that too much heat was being applied.

It is true that sometimes burning from such devices takes place before the person burned realizes it; in other words, that such devices are insidious and the results produced do not manifest themselves immediately to a sufficient extent to permit the persons on whom they are being used to realize that they are being burned. From this it may be argued that special warning should be given where such devices are used. But that is not the contention which is made here by plaintiff. She rests her case entirely on

her charge that no warning of any kind was given her, and that, nevertheless, she gave warning to the operator that too much heat was being applied. The case is therefore before us on that one question, and on that question we find that the evidence in support of defendant's contention substantially preponderates.

We do not mean to say that, merely because defendant's evidence preponderates because of the number of witnesses, we feel that defendant should be allowed to prevail. But we do state that, viewing the record as a whole, and finding, as we have, that the discrepancies found by the district judge do not appear from the record, we believe that the evidence offered in support of defendant is sufficient to justify a judgment in her favor.

Finding, as we do, that the discrepancies which the district judge pointed out do not appear in the record, and being of the opinion that the testimony is overwhelming in defendant's favor, we find it necessary to reverse the judgment which was rendered below.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that plaintiff's suit be dismissed at her cost.

Reversed.